IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| CASEY ZAPOTOCKY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PEOPLEGURU HOLDINGS, INC.,<br><br>Defendant. | CASE NO. |

**NOTICE OF REMOVAL PURSUANT TO 28. U.S.C. §§ 1441 AND 1453**

Defendant PeopleGuru Holdings, Inc. ("PeopleGuru"), hereby removes this state court action captioned *Casey Zapotocky v. PeopleGuru Holdings, Inc.*, Case No. 25-CA-010716, filed in the Circuit Court of the 13th Judicial Circuit of Hillsborough County, Florida, pursuant to 28 U.S.C. §§ 1441(a) and 1453(b).

**I.      BACKGROUND**

1.      On October 27, 2025, Plaintiff Casey Zapotocky, individually and on behalf of all others similarly situated, ("Plaintiff"), filed a Class Action Complaint against PeopleGuru in the Circuit Court of the 13th Judicial Circuit of Hillsborough County, Florida (the "Complaint"). A copy of the Complaint is attached as Exhibit A to this Notice.[1]

2.      The Summons and Complaint were served on PeopleGuru on November 7, 2025.

3.      According to the Complaint, Plaintiff is a citizen of Florida. Complaint ¶ 13.

---

[1] The remainder of the State Court file's contents and docket are attached as Exhibit B.

4. PeopleGuru is a Delaware corporation with its principal place of business at 101 South Hoover Boulevard, Suite 100, Tampa, Florida. *See* Compl. ¶ 14.

5. In the Complaint, Plaintiff alleges that the sensitive personal information ("SPI") of Plaintiff and Class Members were compromised due to PeopleGuru's failure to protect their SPI as a result of a "hack and exfiltration" announced by PeopleGuru on or around October 16, 2025, which Plaintiff refers to as the "Data Breach". *See* Compl. ¶¶ 2 and 6.

6. Plaintiff asserts the following cause of actions: negligence, breach of third-party beneficiary contract, and unjust enrichment. Compl. ¶¶ 74-115.

7. Plaintiff seeks to represent a putative class consisting of "[a]ll natural persons residing in the United States whose SPI was compromised in the Data Breach announced by Defendant on or about October 16, 2025". Compl. ¶ 62.

8. Plaintiff seeks equitable relief, along with recovery, for himself and members of the putative class, of damages that includes actual damages, nominal damages, consequential damages, attorney fees, costs, and litigation expenses. *See* Compl. at Prayer for Relief ¶ B-E.

9. PeopleGuru has not filed a responsive pleading or otherwise responded to the Complaint in the state court action.

10. This notice of removal is timely because it is being filed within thirty (30) days of November 7, 2025, which is the date on which PeopleGuru was served with the Complaint. 28 U.S.C. § 1446(b)(1).

11. Removal to this federal court is proper because it is the "district …embracing the place" in which the state court action is pending. *Id.* at § 1441(a).

12. PeopleGuru has informed Plaintiff's counsel regarding the filing of this removal.

**II.    GROUNDS FOR REMOVAL**

13. A federal court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), as amended by the Class Action Fairness Act of 2005 ("CAFA"), whereby original jurisdiction is given in "any civil action in the matter in controversy exceeds the sum or value of $5,000,000… and is a class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant " *Id.* Furthermore, the class action has to have more than hundred (100) members and the amount in controversy can be an aggregate amount of the claims of the individual class members, exclusive of interest and costs. *See id.* at § 1332(5) and (6).

**A. Minimal Diversity Exists**

14. Here, Plaintiff alleges that the total number of the putative class is unknown where the Plaintiff has knowledge of the impact being seven hundred fifty-six (756) based on the notice provided by PeopleGuru to the Maine Attorney General, but Plaintiff estimates the class to be in excess of one hundred thousand (100,000). *See* Compl. ¶ 65. Additionally, the Plaintiff seeks to represent a national class of all individuals residing in the United States. Compl. ¶62. Members of the class reside outside Florida.[2] Accordingly, minimum diversity is achieved because members "of a class of plaintiffs [are] citizen[s] of a State different from" PeopleGuru. *See* 28 U.S.C. § 1332(d)(2). Further, more than two-thirds of the individuals who have received notice of the incident and are in the purported class as pled by Plaintiff reside outside of Florida.

**B. The Proposed Class Consists of More than Hundred (100) Members**

15. Plaintiff brought this action on behalf of a punitive class of at least seven hundred fifty-six (756) individuals. *See* Compl. ¶ 65.

**C. The Amount in Controversy Exceeds $5,000,000**

---

[2] *See* https://www.maine.gov/agviewer/content/ag/985235c7-cb95-4be2-8792-a1252b4f8318/23093267-7780-43c2-ba3c-0e2638277902.html  (last accessed on December 2, 2025).

16. The amount in controversy exceeds $5,000,000 in the aggregate, exclusive of interest and costs, as supported by the Plaintiff's Complaint.

17. Although Plaintiff does not allege a specific amount in controversy in the Complaint, based on the class size, the causes of action, the alleged damages to Plaintiff's and Class Members' SPI, along with the request for compensatory damages, nominal damages, consequential damages, credit monitoring, injunctive relief and attorney's fees, the amount in controversy will exceed $5,000,000 in the aggregate. *See* Compl. ¶ 107-08, Prayer for Relief ¶ B-D. Plaintiff is seeking to represent a class of individuals whose SPI was allegedly compromised in the "Data Breach", *See* Compl. ¶ 62, and the total individuals notified by PeopleGuru was eighty thousand one hundred forty-six (80,146) individuals[3]. Therefore, without conceding the merits of Plaintiff's allegation that Plaintiff or any member of the proposed class is entitled to any damage award, the propriety of the class certification, whether class certification is warranted in this matter, and relying on Plaintiff's allegations without admission, PeopleGuru states that the matter in controversy exceeds the sum or value of $5,000,000, if class certification is granted based on Plaintiff's allegations in the Complaint.

### III.   JURY DEMAND

19. Plaintiff did demand a jury in the state-court suit.

### IV.   CONCLUSION

20. For the abovementioned reasons, PeopleGuru asks the Court to remove this matter to the Middle District of Florida pursuant to 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1332(d)(6).

---

[3] *See* https://www.in.gov/attorneygeneral/consumer-protection-division/id-theft-prevention/files/DB-Year-to-Date-Report-12_25.pdf (page 33) (last accessed on December 2, 2025).

21. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *Id.* at § 1446(a).

22. A copy of this Notice of Removal is being served upon counsel for Plaintiff, and upon filing this Notice of Removal in this Court, PeopleGuru will file a true and correct copy of the Notice with the Clerk of Court in the Circuit Court of the 13th Judicial Circuit of Hillsborough County, Florida, which in turn will give written notice to the Plaintiff. *See id.* at § 1446(d).

Respectfully submitted,

**MULLEN COUGHLIN LLC**

*/s/ Joshua Brian*
Joshua Brian, Esq.
Florida Bar No.: 0084908
3001 N. Rocky Point Drive East, Suite 200
Tampa, FL 33607
Telephone: (267) 930-2405
Email: jbrian@mullen.law
*Attorney for the Defendant, PeopleGuru*

Dated: December 3, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using the Florida Court eFiling Portal and a true copy served via the Portal to:

Arun G. Ravindran, Esq., RAVINDRAN LAW FIRM PLLC, 2525 Ponce deLeon Blvd., Suite 300 Coral Gables, Florida 33134 (*Attorney for Plaintiff and Putative Class*)

> */s/ Joshua Brian*
> Joshua Brian, Esq.
> Florida Bar No.: 0084908
> **MULLEN COUGHLIN LLC**
> 3001 N. Rocky Point Drive East, Suite 200
> Tampa, FL 33607
> Telephone: (267) 930-2405
> Primary Service Email: jbrian@mullen.law
> Secondary Service Email: efinn@mullen.law
> *Attorney for Defendant, PeopleGuru Inc.*